1   NOTE: CHANGES MADE BY THE COURT

2
    Paragraphs 17 and 18
3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11

12   XEN, INC., a California corporation, )   CASE NO. CV11-09568DDP(MRWx)
                                          )
13                Plaintiff,              )   [~~PROPOSED~~] PROTECTIVE ORDER
                                          )
14        v.                              )
                                          )
15   CITRIX SYSTEMS, INC., a              )
     Delaware corporation,                )
16                                        )
                                          )
17               Defendant.               )
     _____ )
18   CITRIX SYSTEMS, INC., a              )
     Delaware corporation,                )
19                                        )
                                          )
20         Counterclaim Plaintiff,        )
                                          )
21        v.                              )
                                          )
22   XEN, INC., a California corporation, )
                                          )
23         Counterclaim Defendants.       )
     _____ )
24

25

26

27

28

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

- 1 -

*PRINTED ON RECYCLED PAPER*

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1   Having reviewed the Stipulation and Proposed Protective Order Governing

2   the Use of Confidential Material signed by the parties to this actions and filed with

3   the Court on June 8, 2012, the Court herby enters the terms of the Stipulation as an

4   Order of this Court as follows:

5       1.      This Protective Order shall govern all production of proprietary,

6   confidential, and trade secret information and documents ("Confidential

7   Information") and that it is necessary to protect such Confidential Information

8   from inappropriate or unlawful disclosure or use.

9       2.      Definitions.

10          a.      "Confidential Information" or "CONFIDENTIAL" shall mean

11   any and all information, which the Producing Party in good faith contends

12   constitutes or contains trade secret(s), confidential, or proprietary information.

13          b.      "Designated Material(s)" shall mean Discovery Materials

14   designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.

15          c.      "Designating Party" shall mean a Party or non-party that

16   designates Documents, things, items and/or information that it produces in

17   Disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL."

19          d.      "Discovery Material(s)" or "Disclosure" shall mean all

20   Documents, things, items and/or information, regardless of the medium or manner

21   generated, stored, or maintained that are produced or generated in disclosures or

22   responses to discovery in this Litigation.

23          e.      "Documents" shall mean all written records or graphic material

24   whatsoever, including without limitation all "writings" as defined by the Federal

25   Rules of Evidence, any meaning reasonably given to such term in any written

26   request for production of documents served by any Party herein, and all

27   reproductions of the foregoing, expressly including any and all electronic versions

28   of the same.

PRINTED ON RECYCLED PAPER
*[PROPOSED]PROTECTIVE ORDER*

f.    "Highly Confidential Information" or "HIGHLY CONFIDENTIAL" shall mean any and all Discovery Material designated as HIGHLY CONFIDENTIAL by the Designating Party if the Designating Party believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

g.    "Litigation" shall refer to the above-captioned lawsuit entitled *Xen, Inc. v. Citrix Systems, Inc.*, United States District Court, Central District of California, Case No. CV 11-09568DDP (MRWx), any and all actions later consolidated with this action, and any appeal from this action, through final judgment.

h.    "Party" or "Parties" shall mean any party to this Litigation, including all of its officers, directors, employees, and outside counsel (and their support staff).

i.    "Producing Party" shall mean any Party to the Litigation, or any non-party, producing Documents, things, items and/or information, or other materials in the Litigation.

j.    "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

k.    "Recipient of Designated Materials," Recipient of Confidential Information," or Recipient of Highly Confidential Information shall mean a person who is authorized to receive Designated Materials, Confidential Information, or Highly Confidential Information, respectively, under this Protective Order.

**SCOPE OF PROTECTIVE ORDER.**

3.    This Protective Order shall govern:

a.    all testimony at depositions, pre-trial hearings, and at trial;

b.    all Documents, information, materials or things produced by any Party or third-party;

c.    responses to discovery requests and subpoenas, under the

*PRINTED ON RECYCLED PAPER*

*[PROPOSED]PROTECTIVE ORDER*

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1  FRCP, or otherwise;

2          d.      all copies, abstracts, excerpts, analyses, summaries, or other

3  materials (written, electronic, or in other form) that contain, reflect, or disclose

4  information contained in such testimony, Documents, or other materials.

5          The items listed in (a)-(d) above shall be referred to as "Discovery

6  Materials."

7  **DESIGNATION OF DISCOVERY MATERIALS.**

8          4.      Any Party to this Litigation shall have the right to designate

9  Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

10  pursuant to the terms of this Protective Order.  Discovery Materials designated

11  CONFIDENTIAL or HIGHLY CONFIDENTIAL will be referred to as

12  "Designated Materials."  Any third-party producing documents pursuant to a

13  subpoena or otherwise may designate Discovery Materials pursuant to this

14  Protective Order only if an authorized representative of the producing third-party

15  executes the written Acknowledgement attached hereto as Exhibit A ("Exhibit A")

16  agreeing that the non-party has reviewed a copy of the Protective Order, will

17  comply with its terms, and will submit to the jurisdiction of this Court for

18  adjudication of any dispute regarding that third-party's designations under the

19  Protective Order.  All designations must be made in good faith and on reasonable

20  belief that the designation accurately reflects the definition of CONFIDENTIAL or

21  HIGHLY CONFIDENTIAL materials.

22          5.      Discovery Materials marked CONFIDENTIAL shall be:

23          a.      those Discovery Materials that the Designating Party in good

24  faith reasonably believes to comprise non-public, proprietary or confidential

25  information (including but not limited to trade secrets, sensitive business,

26  commercial, or technical information, confidential research, development, or other

27  confidential or proprietary information not shared or disclosed to third parties,

28  provided, however, that such information may still be deemed confidential

- 3 -

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1  information if such third party(ies) have agreed to keep such confidential

2  information confidential); and/or

3        b.     those Discovery Materials, including any Document, file,

4  portion of file, transcribed testimony or other material that the Designating Party in

5  good faith reasonably believes to comprise trade secrets or other competitively

6  sensitive confidential information, the disclosure of which would be likely to cause

7  competitive harm.

8       6.     Discovery Materials designated as CONFIDENTIAL or Confidential

9  Information shall be used by the Recipient of Confidential Information solely for

10  the purposes related to this Litigation and may be disclosed only to the following

11  persons:

12        a.     Officers, directors, and employees of a Party to whom it is

13  deemed necessary that the documents be shown for purposes of this Litigation,

14  provided that any such persons shall be advised and shall agree that they are

15  subject to the terms of the Protective Order before being provided Confidential

16  Information;

17        b.     Inside and outside counsel for the Parties, and employees and

18  independent contractors engaged in work for such counsel to assist them in this

19  Litigation, provided that any such persons shall be advised and agree that they are

20  subject to the terms of the Protective Order before being provided Confidential

21  Information;

22        c.     Experts or consultants retained for purposes of this Litigation,

23  provided that the expert or consultant first signs a copy of Exhibit A prior to

24  receiving Confidential Information;

25        d.     Witnesses in the course of a deposition, hearing, or trial

26  testimony where counsel has a reasonable and good faith belief that examination

27  with respect to the Confidential Information is necessary;

28        e.     Court reporters, stenographers, and videographers retained to

- 4 -

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1 record testimony taken in this Litigation;

2      f.     The Court, court personnel, and jurors or potential jurors;

3      g.     Graphics, translation, design, and/or trial consulting personnel,

4 provided that such graphics, translation, design, and/or trial consulting personnel

5 first sign(s) a copy of Exhibit A prior to receiving Confidential Information;

6      h.     Any neutral who is assigned to hear this matter, and his or her

7 staff, subject to their agreement to maintain confidentiality to the same degree as

8 required by this Protective Order; and

9      i.     Any other person upon order of the Court or upon stipulation of

10 the Party signatories hereto, in writing.

11      7.     Discovery Materials may only be designated HIGHLY

12 CONFIDENTIAL or Highly Confidential Information if the Designating Party

13 believes in good faith that designation as CONFIDENTIAL will not provide

14 adequate protection due to its commercial sensitivity and reasonable likelihood of

15 harm resulting from its disclosure.

16      8.     Discovery Materials designated as HIGHLY CONFIDENTIAL or

17 Highly Confidential Information shall be used by the Recipient of the Highly

18 Confidential Information solely for the purposes related to this Litigation and may

19 be disclosed only to the following persons:

20      a.     Outside counsel for the Parties and employees and independent

21 contractors engaged in work for such Outside Counsel to assist them in this

22 Litigation, provided that any such persons shall be advised and agree that they are

23 subject to the terms of the Protective Order before being provided Highly

24 Confidential Information;

25      b.     The following in-house representatives:  Alan Turner (on behalf

26 of Xen) and Robert Feldman, Associate General Counsel Litigation and Corporate

27 Compliance (on behalf of Citrix);

28      c.     Experts or consultants retained for purposes of this Litigation,

*PRINTED ON RECYCLED PAPER*

*[PROPOSED] PROTECTIVE ORDER*

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1  provided that the expert or consultant first signs a copy of Exhibit A before being

2  provided Highly Confidential Information and the expert or consultant agrees in

3  writing that they are not presently and have no current plans to become employees

4  of a Party;

5          d.    The author of the Highly Confidential Information and anyone

6  shown as having received the Highly Confidential Information in the ordinary

7  course of business;

8          e.    Court reporters and persons preparing transcripts of

9  depositions;

10          f.    The Court, Court personnel, and jurors or potential jurors; and

11          g.    Any other person only upon order of the Court or upon

12  stipulation of the Party signatories, in writing.

13  **DUTIES OF RECEIVING PARTIES**

14      9.    Persons who are authorized to review Designated Materials shall hold

15  such materials in confidence and shall not disclose the contents thereof, either

16  verbally or in writing, to any person not otherwise authorized to receive such

17  information under this Protective Order.  Copies of Designated Materials shall be

18  made only to the extent necessary to facilitate permitted use under this Protective

19  Order.

20      10.    The Recipient of Designated Materials provided under this Protective

21  Order shall maintain such information in a secure and safe manner and shall

22  exercise the same standard of due and proper care with respect to the storage,

23  custody, use and/or dissemination of such information as is exercised by the

24  Recipient of Designated Materials with respect to its own proprietary information.

25  Designated Materials shall not be copied, reproduced, summarized or abstracted,

26  except to the extent that such copying, reproduction, summarization or abstraction

27  is deemed by the Recipient of Designated Materials reasonably necessary for

28  purposes related to this Litigation.  All such copies, reproductions,

PRINTED ON RECYCLED PAPER

*[PROPOSED]PROTECTIVE ORDER*

1  summarizations, extractions, and abstractions shall be subject to the terms of the

2  Protective Order, and labeled in the same manner as the Designated Materials on

3  which they are based.

4  **DISCLOSURE OF DESIGNATED MATERIALS**

5        11.     Disclosing parties shall designate Discovery Materials

6  CONFIDENTIAL or HIGHLY CONFIDENTIAL as follows:

7        a.     In the case of written discovery responses, Documents and

8  other material produced, and the information contained therein, designation shall

9  be made by placing one of the following legends on every page of any such

10  document prior to production, as appropriate:  CONFIDENTIAL or HIGHLY

11  CONFIDENTIAL;

12        b.     In the case of depositions, or other proceedings on the record,

13  designation of the portion of the transcript (excluding exhibits), which contains

14  Designated Materials may be made:  (i) by a statement to such effect on the record

15  in the course of the deposition, or, (ii) by written notice by counsel to the Party

16  signatories hereto within thirty (30) days after counsel's receipt of a certified

17  transcript from the court reporter.  If a portion of a deposition is designated as

18  containing CONFIDENTIAL or HIGHLY CONFIDENTIAL materials before the

19  deposition is transcribed, the transcript of the Designated Materials shall be bound

20  in a separate volume marked CONFIDENTIAL or HIGHLY CONFIDENTIAL as

21  appropriate.  If a portion of a deposition is designated as CONFIDENTIAL or

22  HIGHLY CONFIDENTIAL during the course of a deposition, counsel may

23  request all persons, except persons entitled to receive CONFIDENTIAL or

24  HIGHLY CONFIDENTIAL information pursuant to this Protective Order, to leave

25  the room while the deposition is proceeding until completion of the answer or

26  answers containing such CONFIDENTIAL or HIGHLY CONFIDENTIAL

27  information.  If a portion of a deposition is designated as CONFIDENTIAL or

28  HIGHLY CONFIDENTIAL after the deposition is transcribed, counsel for the

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

*PRINTED ON RECYCLED PAPER*

*[PROPOSED]PROTECTIVE ORDER*

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1    Designating Party shall list on a separate piece of paper the numbers of the pages

2    of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL

3    information, and send the list to counsel for all Parties.  All Parties shall affix the

4    list to the face of the transcript and each copy thereof.  Pending such designation

5    by counsel, the entire deposition transcript, including exhibits, shall be deemed

6    HIGHLY CONFIDENTIAL.  If no designation is made within thirty (30) days

7    after receipt of a certified transcript from the court reporter, the transcript shall be

8    considered not to contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL

9    information;

10           c.       Any Designated Materials produced in non-paper media (e.g.,

11   videotape, audiotape, computer disk, etc.) may be designated by labeling the

12   outside of such non-paper media as CONFIDENTIAL or HIGHLY

13   CONFIDENTIAL.  In the event a Recipient of Designated Materials receives

14   information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and

15   generates any hard copy, transcription, or printout from any such non-paper media,

16   such Recipient of Designated Materials must stamp each page CONFIDENTIAL

17   or HIGHLY CONFIDENTIAL (so as to correspond to the original designation)

18   and the hard copy, transcription or printout shall be treated as it is designated.

19           d.       If timely corrected, an inadvertent failure to designate qualified

20   information or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL does

21   not, standing alone, waive a party's right to secure protection under this Protective

22   Order for such materials.  If the material is appropriately designated as

23   CONFIDENTIAL or HIGHLY CONFIDENTIAL after it was initially produced,

24   the Receiving Party, on timely notification of the designation, must make

25   reasonable efforts to assure that the Designated Materials are treated in accordance

26   with the provisions of this Protective Order.

27           12.     In the event a Party deems it necessary or appropriate to disclose any

28   Discovery Materials designated as CONFIDENTIAL to any person not specified in

- 8 -

PRINTED ON RECYCLED PAPER

paragraph 5, or to disclose any Discovery Materials designated as HIGHLY CONFIDENTIAL to any person not specified in paragraph 7, that Party shall notify counsel for the Designating Party in writing of:  (i) the Designated Materials it wishes to disclose; and (ii) the person or persons to whom such disclosure is to be made (the "Proposed Disclosure").  In the event the Disclosing Party does not consent to the Proposed Disclosure within three (3) days of receipt of the redesignation request, the Party requesting the Proposed Disclosure may petition the Court for an order permitting the Proposed Disclosure.  Counsel shall obtain from all persons to whom disclosures are made pursuant to this paragraph 10 a signed copy of Exhibit A, except to the extent the Court orders otherwise.

**CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

13.    Nothing in this Order shall prevent a Party from objecting ("Objecting Party") to the designation of particular information or Document(s) as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The Objecting Party shall give written notice ("Notice") to the Designating Party of any such objection.  Any such Notice shall clearly identify the information or Document(s) to which the objection is directed.  In the event the Disclosing Party does not consent to the change in designation within three (3) days of receipt of the redesignation request, the party requesting the change in designation may petition the Court for an order.

The Objecting Party shall object initially by making a good faith effort to resolve any such objection by giving written Notice to the Designating Party, and thereafter by court intervention, using the procedure set forth in Local Rule 37.

While any application, motion, or other such filing pertaining to the appropriateness of a confidentiality designation is pending before the Court, the Documents, information or testimony in question shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL (according to their initial designation) pursuant to this Protective Order.  In addition, to the extent the Parties

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

PRINTED ON RECYCLED PAPER

*[PROPOSED] PROTECTIVE ORDER*

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

desire to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect, or the moving Party may file an ex parte application making the appropriate request.  The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

14.   A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on outside counsel of record for the producing Party, and shall particularly identify the Documents or information that the Receiving Party contends should be designated differently.  The Parties shall use their best efforts to resolve such disputes promptly and informally.  If agreement cannot be reached, the Receiving Party may request that the Court cancel or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.

**INADVERTENT DISCLOSURE**

15.   In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work produce doctrine, the party making such inadvertent disclosure, after learning of such inadvertent disclosure, shall notify the party to whom the inadvertent disclosure was made; the party to whom the inadvertent disclosure was made shall then immediately return such material and all copies the party made.

**USE OF DOCUMENTS IN COURT**

16.   In the event that any Designated Material is used in any court proceeding in connection with this Litigation (other than trial), it shall not lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

*PRINTED ON RECYCLED PAPER*

*[PROPOSED]PROTECTIVE ORDER*

17.     If any person files with or submits to the Court any (a) Documents, answers, transcripts or things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order or information derived therefrom or (b) declarations, memoranda, exhibits or other papers containing or making reference to any such CONFIDENTIAL or HIGHLY CONFIDENTIAL material or any information contained therein, then such materials or portions thereof that contain CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information shall contain the designation "FILED UNDER SEAL" and shall be ~~filed or~~ submitted <u>with a request that the materials be filed</u> under seal in accordance with the Court's electronic filing procedure, and such under seal filings will be governed by Local Rule 79-5, and the Parties shall comply with the procedures set forth therein.

~~18.     In the event the case proceeds to trial, a separate order must be entered by this Court governing the confidentiality of any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.~~

**SUBPOENAS FOR DESIGNATED MATERIALS**

19.     In the event any Receiving Party having possession, custody or control of any Discovery Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal proceeding any of the Discovery Materials, such Receiving Party shall immediately notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, shall not produce any CONFIDENTIAL or HIGHLY CONFIDENTIAL material in response to the subpoena before such notification and for ten (10) business days thereafter (provided, however, that either Party may file a Motion to Quash if production is required under the subpoena prior to the end of this period), and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose interest may be affected.  The Designating Party shall

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

PRINTED ON RECYCLED PAPER

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

have the burden of defending against such subpoena, process, or order.  Within ten (10) business days after such notification, counsel for the party that produced the CONFIDENTIAL or HIGHLY CONFIDENTIAL material may seek to prevent production of the CONFIDENTIAL or HIGHLY CONFIDENTIAL material in accordance with this Court's rules or the rules of any court from which the subpoena has issued.  If such request to the Court is made, then the CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall not be produced until the governing court rules require such production.  The Receiving Party shall be entitled to comply with the subpoena or other process or order except to the extent the Designating Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

**PARAMETERS OF PROTECTIVE ORDER**

20.    Entering into, agreeing to, and/or producing or receiving information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL or otherwise complying with the terms of this Protective Order shall not:

a.    Operate as an admission by any party that any Documents, things, items and/or information designated by another Party or non-party actually contains or reflects trade secrets or other confidential information;

b.    Reduce in any way the rights of the Parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of Documents or materials that they may consider not subject to discovery or privileged from discovery;

c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility of any Document, materials, or testimony that is subject to this Protective Order;

d.    Prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation;

*PRINTED ON RECYCLED PAPER*

*[PROPOSED]PROTECTIVE ORDER*

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

e.     Prevent the Parties from agreeing to alter or waive the protections or remedies provided in this Protective Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by both Parties; and/or

f.     Preclude any Party to the Litigation or their attorneys from disclosing or using, in any lawful manner or for any lawful purpose, any information or Documents not obtained in discovery in this Litigation, if such information or Documents are lawfully obtained from another source, such as a third party having the right to disclose such information or Documents, even though the same information or Documents may have been produced in discovery in this Litigation and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

21.     This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Protective Order.

22.     Nothing contained herein shall preclude a producing entity or person from using his, her, or its own confidential information, documents, or materials in any matter he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

**RETURN OF DESIGNATED MATERIALS**

23.     After termination of this Litigation, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Designated Materials or information contained therein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other Order of this Court.  The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

24.     All Designated Material subject to this Protective Order shall be returned to the Designating Party upon termination of this Litigation at the cost of

- 13 -

PRINTED ON RECYCLED PAPER

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1  the Designating Party (or, upon written permission by the Designating Party,

2  destroyed).  Termination of this Litigation shall be taken and construed as the date

3  forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of

4  a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c)

5  the expiration of the time for any appeal.  Upon such termination, counsel of

6  record for the Receiving Party shall notify counsel for the Designating Party of

7  compliance.  Counsel for the Receiving Party shall make a reasonable effort to

8  retrieve any Documents subject to this Protective Order from any person to whom

9  such Documents have been given by Receiving Party, and shall notify counsel for

10  the Designating Party of the failure to retrieve any such Documents.

11          25.     This Stipulation shall be construed, interpreted, and governed in

12  accordance with the laws of the State of California.

13

14  IT IS SO ORDERED.

15  DATED: June 8, 2012                           /s/ Judge Wilner

16                                                 _____
                                                   HON. MICHAEL R. WILNER
17                                                 UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

**PRINTED ON RECYCLED PAPER**

[PROPOSED] PROTECTIVE ORDER

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1

**EXHIBIT A**

2

3

4

**UNITED STATES DISTRICT COURT**

5

**CENTRAL DISTRICT OF CALIFORNIA**

6

**WESTERN DIVISION**

7

8    XEN, INC., a California corporation,  ) CASE NO. CV11-09568DDP(MRWx)
                                           )
9              Plaintiff,                   ) **[PROPOSED] PROTECTIVE ORDER**
                                           )
10        v.                               )
                                           )
11                                         )
     CITRIX SYSTEMS, INC., a               )
12   Delaware corporation,                 )
                                           )
13             Defendant.                   )
                                           )
14   CITRIX SYSTEMS, INC., a               )
                                           )
15   Delaware corporation,                 )
                                           )
16         Counterclaim Plaintiff,         )
                                           )
17        v.                               )
                                           )
18   XEN, INC., a California corporation,  )
                                           )
19         Counterclaim Defendants.        )
20

21       I, _____, acknowledge and declare that I

22   have received a copy of the Protective Order ("Order") in Xen, Inc. v. Citrix

23   Systems, Inc. United States District Court for the Central District of California,

24   Civil Action No. CV11-09568DDP(MRWx).  I fully understand the terms of the

25   Order.  I acknowledge that I am bound by the terms of the Order, and I will comply

26   with those terms.  I consent to personal jurisdiction in the United States District

27

28

1  Court for the Central District of California for purposes of any proceeding to

2  enforce the terms of the Order.

3      Name of Individual:  _____

4      Present occupation/job description: _____

5      _____

6      _____

7      Name of Company or Firm: _____

8      Address:   _____

9      Telephone Number: _____

10

11      Dated: _____

12

13                                   _____

14                                     [Signature]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MURPHY ROSEN MEYLAN & DAVITT LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

*PRINTED ON RECYCLED PAPER*

*[PROPOSED]PROTECTIVE ORDER*